[636 NYS2d 703]

In the Matter of JOSEPH F. MUTO, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, December 22, 1995

### APPEARANCES OF COUNSEL

*Gerard M. LaRusso,* Syracuse *(Paul J. Ginnelly* of counsel), for petitioner.

*Joseph F. Muto,* Syracuse, respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by the Appellate Division, Third Department, on January 27, 1987, and formerly maintained an office in Syracuse. The Grievance Com-

mittee filed a petition charging respondent with multiple violations of the Lawyer's Code of Professional Responsibility arising out of his representation of clients in a bankruptcy matter. Respondent submitted an unverified answer several days after the date on which he was directed to respond and failed to appear on the adjourned return date of the petition. As a result, respondent was found to be in default and was suspended until further order of the Court [210 AD2d 1008]. Following his suspension, respondent submitted a verified answer denying material allegations of the petition, together with a motion to relieve him from his default. A Referee was appointed to conduct a hearing on the issues of fact raised by the pleadings. Respondent's motion was denied insofar as it requested vacatur of the order of suspension.

Respondent failed to appear on the date fixed by the Referee and the hearing proceeded in his absence. The Referee filed his report, which petitioner now moves to confirm. Although respondent filed no papers in opposition to the motion, he appeared on the return date thereof.

The Referee found that respondent was retained in a bankruptcy matter and that his clients made payments of $500 for his services and $600 for a filing fee. The Referee found that respondent failed to commence the proceeding and used the funds for personal purposes. We confirm the report filed by the Referee and conclude that respondent has violated the following provisions of the Code of Professional Responsibility, effective September 1, 1990:

DR 1-102 (A) (former [7]) (now [8]) (22 NYCRR 1200.3 [a] [7])—engaging in conduct adversely reflecting on his fitness to practice law;

DR 2-110 (A) (3) (22 NYCRR 1200.15 [a] [3])—failing to refund promptly any part of a fee paid in advance that has not been earned;

DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him; and

DR 9-102 (22 NYCRR 1200.46)—failing to preserve and identify clients' funds.

In determining an appropriate sanction, we have considered the default of respondent as well as his expression of remorse made on the return date of the motion to confirm the Referee's report. Therefore, we conclude that he should be suspended for

one year from December 23, 1994, the date of his suspension, and until further order of the Court.

Denman, P. J., Green, Pine, Fallon and Wesley, JJ., concur.

Order of suspension entered.